[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: SUMMARY JUDGMENT
This is an action brought by the Administratrix of the Estate of Marc T. Topazio, making claims for injuries he sustained in an automobile accident which resulted in his death. It is the plaintiffs claim that the decedent was a patient at the defendant's facility and that on the evening of January 10, 1995 he attended a meeting at the facility in an intoxicated state. The plaintiff alleges that the decedent left the meeting in his automobile and thereafter killed himself in an automobile accident. The plaintiff further claims that the defendant breached it's duty owed to the decedent and is legally responsible for his death. The defendant has filed this motion for Summary Judgment on the grounds that there is no evidence that the decedent was intoxicated at the time he left the facility, that the defendant did not owe him a duty and that the defendant's actions were not the proximate cause of the decedent's death.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." (Citation omitted; internal quotation marks omitted.) Thompson Peck Inc., v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997). CT Page 2438
The moving party "has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Citation omitted; internal quotation marks omitted.) Peerless Ins. Co. v. Gonzalez,241 Conn. 476, 481, 697 A.2d 680 (1997). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. . . ." (Citation omitted; internal quotation marks omitted.) Hammer v. Luberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
The Decedent's Intoxication
It is the defendant's claim that the Motion for Summary Judgment should be granted because the plaintiff has no evidence as to the threshold issue of whether the decedent was intoxicated when he came to the defendant's facility on January 10, 1995, the night on which he died. The plaintiff has submitted an affidavit from the decedent's mother[1] and a toxicology report that the decedent's blood alcohol level was .41 at the time of the accident. The plaintiff acknowledges that this is the only evidence he has as to the issue of intoxication. The plaintiff therefore only relies on circumstantial evidence and the jury will have to draw an inference that if the decedent was that extremely intoxicated at 8:00 P.M. (.41), then he must have been visibly drunk at 6:00 P.M. Not only will the jury have to make this inference, it will also have to disbelieve the testimony of Dolores Oleneinde, a senior counselor who sat next to the decedent the night in question. She states unequivocally that the decedent showed no signs of being intoxicated when he left the facility on January 10, 1995. The issue is not whether the decedent was intoxicated but whether he showed visible signs of intoxication at 6:00 P.M.
"The burden of persuasion can be satisfied by circumstantial evidence if the trier finds that the facts from which the trier is asked to draw the inference are proven and that the inference is not only logical and reasonable, but strong enough so that it can be found to be more probable than not". Tianti v. WilliamRaveis Real Estate, Inc., 231 Conn. 690, 702, 651 A.2d 1286
(1995). This court can not say that the inference that the plaintiff seeks the trier of fact to make is illogical or unreasonable. It may be strong enough to be found more probable CT Page 2439 than not. In any event, it is a question for the jury.
Duty
In support of its motion for summary judgment the defendant also argues that it did not owe the plaintiff a legal "duty" to control his activities even if he were intoxicated when he attended the session on January 10, 1995. The question is whether there existed a special relationship between the plaintiff and defendant that would impose this duty. This special relationship exists between a psychiatrist and their patients as evidenced by psychiatrist's liability for the suicidal death of their patients.Edwards v. Tardif, 240 Conn. 610, 692 A.2d 1266 (1997). Whether there is a similar relationship between this rehabilitation facility and the plaintiff is a question of fact. "The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although . . . no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. . . . Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed, and no cause of action can be maintained by the plaintiff." (Citations omitted). Fraserv. United States, 236 Conn. 625, 633-674 A.2d 811 (1996).
Whether the defendant in this case breached a duty of care to the decedent is dependent on unresolved factual inquires. First, what was the nature of the facilities' custodial relationship, if any, with the decedent. Also, whether the defendant knew or should have known that the decedent drove to the alcohol counseling meeting.
Proximate Cause
The defendant argues in its third ground for summary judgment that the plaintiff's action must fail because the defendant's actions were not a proximate cause of the decedent's death. The defendant further contends that the decedent's voluntary consumption of alcohol and driving under the influence of alcohol were intervening causes of the decedent's death. If the plaintiff became intoxicated after he left the defendants facility, the intoxication might be an intervening cause which would defeat the CT Page 2440 plaintiffs claim. Whether the plaintiff was intoxicated while attending the meeting is a fact question.
For all of the reasons stated above the Motion for Summary Judgement is denied
Pellegrino, J.